UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREIA ROSA DOS SANTOS,<br><br>                              Plaintiff,<br><br>           -against-<br><br>ASSURANT, INC., A DELAWARE CORPORATION; FALCON SHIELD PROPERTY PRESERVATION LLC, A NEW JERSEY LIMITED LIABILITY COMPANY; DOES 1 THROUGH 5,<br><br>                              Defendants. | 21-CV-6368 (LTS)<br><br>ORDER TO SHOW CAUSE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting violations of the Copyright Act and the Visual Artists Rights Act, as well as claims of negligence. By order dated July 30, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court directs Plaintiff to show cause why this matter should not be dismissed.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*,

556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the

elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at

555. After separating legal conclusions from well-pleaded factual allegations, the court must

determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff Andreia Rosa Dos Santos is an artist residing in New York City. She filed this

complaint against Assurant, Inc., a Delaware corporation "with litigants-contacts and

headquarters in" New York City, and Falcon Shield Property Preservation, LLC. (Falcon), a

"New Jersey limited liability company with active address and mailing address in" New York

City. (ECF 2 ¶¶ 10-12.) The following facts are gleaned from Plaintiff's complaint and

attachments to the pleading.

On or about March 20, 2017, Plaintiff was evicted from her home in Union, New Jersey, arising from a "residential reverse mortgage process of foreclosure." (ECF 2 at 28 and 2-3 at 2.) It appears that Falcon packed up hundreds of pieces of Plaintiff's original artwork, and moved them from the residence into a unit at ExtraSpace Storage, which is also located in Union, New Jersey. (ECF 2-2 at 2.) Approximately one month later, on or about April 19, 2017, Falcon "trashed" and "destroyed" all of Plaintiff's watercolor paintings. Plaintiff claims that she "attempted to connect with" ExtraSpace Storage on April 19, 2017, because she had obtained a promise of assistance from the City of New York to pay the cost of the storage unit, but she was unable to reach anyone. Plaintiff further asserts that she received "no past due notice" before her artwork was removed from the storage unit. (*Id.* ¶ 32 and Exh. A.)

Plaintiff sought assistance from the Township of Union Police Department, and a detective who looked into the matter told Plaintiff that the storage unit had only been rented for 30 days, that ExtraSpace Storage indicated that it had been "unable to contact" Plaintiff, and that they "were advised by the bank to 'dispose' of the unit." (ECF 2-2 at 2.)

Plaintiff filed a claim with Assurant, which was denied. In correspondence with Plaintiff, Assurant made the following assertions: the eviction was legal; at the eviction, Plaintiff was given contact information for the storage unit and told that the "storage unit would be paid for 30 days and after 30 days [Plaintiff] would be responsible" for providing her contact information to ExtraSpace Storage and paying the monthly fee; Plaintiff's artwork was transported and stored "for 30 days, per New Jersey guidelines"; Falcon "followed proper protocol as directed by the bank"; and that Plaintiff did not attempt to call ExtraSpace Storage until after business hours on April 19, 2017. (ECF 2-2 and 2-3.).

Plaintiff asserts that the statute of limitations should be tolled on her claims because she was in shock and "scared of Defendants' acts," and also because of the pandemic. Plaintiff seeks money damages for each destroyed painting.

## DISCUSSION

### A.    Copyright Act and VARA

The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).

District courts within this Circuit require a plaintiff to allege the following to state a copyright infringement claim: "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been [preregistered or] registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." *Conan Props. Int'l LLC v. Sanchez*, No. 1:17-CV-0162, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing, *inter alia, Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

A plaintiff with a valid copyright proves infringement by demonstrating that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's work. *Lewinson v. Henry Holt & Co., LLC*, 659 F. Supp. 2d 547, 562 (S.D.N.Y. 2009) (quoting *Fisher–Price, Inc. v. Well–Made Toy Mfg., Corp.*, 25 F.3d 119, 122-23 (2d Cir. 1994)); *see Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014).

The Visual Artists Rights Act (VARA), 17 U.S.C. §106A, grants creators of "works of visual art" "the right of attribution," and "the right of integrity." *Carter v. Helmsley–Spear, Inc.,* 71 F.3d 77, 83 (2d Cir. 1995). VARA's right of attribution provides "the author of a work of visual art . . . the right . . . to claim authorship of that work, and to prevent the use of his or her name as the author of any work of visual art which he or she did not create." 17 U.S.C. § 106A(a)(1); *Gordon v. Invisible Children, Inc.*, No. 14-CV-4122 (PGG), 2015 WL 5671919, at *12 (S.D.N.Y. Sept. 24, 2015).

The facts alleged do not give rise to a claim under the Copyright Act or VARA. Plaintiff asserts that Defendants improperly removed her artwork from a storage unit and destroyed it. Even if the Court assumes that Plaintiff's owns valid copyrights that are properly registered, she does not show that Defendants infringed on a copyright by engaging in unauthorized copying of Plaintiff's work. And the facts alleged do not suggest that Defendants violated Plaintiff's right of attribution or improperly claimed authorship of her work. Accordingly, Plaintiff's federal claims are dismissed for failure to state a claim on which relief may be granted.

**B.    Diversity Jurisdiction**

Plaintiff also asserts claims of negligence, which arise under state law. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court considers whether it can exercise diversity jurisdiction of any state-law claims Plaintiff may be asserting.

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). An individual is a citizen of the State where she is domiciled, which is defined as the place where a person "has [her] true fixed home . . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). And "a limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

In addition to pleading diversity of citizenship, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff alleges that the amount in controversy meets the statutory jurisdictional amount, but the facts alleged in the complaint do not establish that there is diversity of citizenship.

Plaintiff asserts that she resided in New Jersey, but is currently in New York. It is therefore not clear whether Plaintiff is domiciled in New York or New Jersey. Plaintiff also does not provide sufficient facts for the Court to determine the citizenship of each defendant. Plaintiff alleges that Assurant is headquartered in New York City, and thus it may qualify as a citizen of

New York. Plaintiff further alleges that Falcon is a "New Jersey limited liability company with active address and mailing address in" New York, but she does not allege the citizenship of each of its members. Thus, whether Plaintiff is a citizen of New York or New Jersey, it appears that diversity of citizenship is not complete. Unless the Court has diversity jurisdiction of this matter, it will decline to exercise supplemental jurisdiction of Plaintiff's state law claims and will dismiss such claims without prejudice to Plaintiff's refiling them in an appropriate forum.

**C.      Timeliness of claims**

Even if Plaintiff were able to establish that diversity jurisdiction exists, her claims appear to be time-barred. Under New York law, an action for negligence must be brought within three years from the date of the underlying incident. N.Y. Civ. Prac. Law and R. § 214(5).

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002). In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351 (SHS), 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in

which a limitations period may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204 (where commencement

of an action has been stayed by court order).

Plaintiff filed this action on July 26, 2021, alleging that Defendants destroyed her artwork

on or about April 19, 2017. Plaintiff asserts that she filed this lawsuit more than a year after the

limitations period because she was "scared" and in "shock," and because of the pandemic. These

allegations are insufficient to show that compelling circumstances prevented Plaintiff from

timely filing her complaint.

Because the failure to file an action within the limitations period is an affirmative

defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas*, 480

F.3d at 640. Dismissal is appropriate, however, where the existence of an affirmative defense,

such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and

Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may

dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts

supporting the statute of limitations defense are set forth in the papers plaintiff himself

submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d

Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations

grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and

opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations

grounds).

**D.     Order to show cause**

The Court directs Plaintiff to file a written declaration within 30 days of the date of this

order, showing cause (1) why the Court should not decline to exercise supplemental jurisdiction

of Plaintiff's remaining state law claims because she fails to plead facts showing complete

diversity of citizenship; and, if she demonstrates that there is diversity of citizenship, (2) why the

state law claims should not be dismissed as time-barred. If Plaintiff does not file a declaration, or if Plaintiff's declaration does not show that her citizenship is different from that of all Defendants, the Court will dismiss Plaintiff's state law negligence claim without prejudice.

## CONCLUSION

The Court directs Plaintiff to submit a written declaration, within 30 days, showing cause why the Court should not decline to exercise supplemental jurisdiction of Plaintiff's state law claims and any reason why her state law claim is not time-barred. For Plaintiff's convenience, a declaration form is attached to this order. If Plaintiff submits a declaration, it should be labeled with docket number 21-CV-6368 (LTS). No summons shall issue at this time. If Plaintiff fails to comply within the time allowed, or if her responses are insufficient, the complaint will be dismissed as set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   August 17, 2021
        New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                  Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____
Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____
    Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
    Motion for Summary Judgment."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

    In the space below, describe any facts that are relevant to the motion or that respond to a court
    order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)

Name

Signature

Prison Identification # (if incarcerated)

Address          City          State     Zip Code

Telephone Number (if available)

E-mail Address (if available)