UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREIA ROSA DOS SANTOS,

                Plaintiff,

-against-

ASSURANT, INC., a Delaware Corp.; FALCON SHIELD PROPERTY PRESERVATION, LLC, a New Jersey limited liability company,

                Defendants.

21-CV-6368 (PAE)

ORDER OF SERVICE

---

PAUL A. ENGELMAYER, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Visual Artists Rights Act, 17 U.S.C. § 106A, and state law. By order dated July 26, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v.*

*Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Assurant, Inc. and Falcon Property Preservation, LLC, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: Dec. 15, 2021
New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Assurant, Inc.
   28 Liberty Street, 41st floor
   New York, N.Y. 10005

2. Falcon Shield Property Preservation, LLC
   43-26 52nd Street
   Woodside, N.Y. 11377